On the Merits.
Miller, J.
The plaintiff alleging that his wife, inheriting a plantation, sold a portion to defendant and formed a partnership with him for the cultivation of the property; that in defendant’s purchas'd *1205 he assumed as part of the price one-half of certain debts of the wife, agreeing in the partnership articles that the profits of the plantation should be applied to pay these debts, and as to any residue left unpaid the defendant should be bound for his part. The plaintiff alleges that he administered his wife’s share of the partnership property, made payments out of the profits of the debts stipulated to be paid, and also advanced his own funds for those payments, as well as for other partnership debts; that defendant’s share of the profits was insufficient to pay the half of the debts he had assumed and his part of the partnership debts, and that he is indebted to the extent of plaintiff’s payment of that part of the debts for which defendant was liable. The suit is to recover that indebtedness. The defendant pleaded the prescription of one, three and five years; the exceptions were answered, denying that plaintiff administered his wife’s share of the partnership property; hence had no claims for payments made with her funds, i. e. arising from her share of the partnership property, or that plaintiff ever advanced his own funds for the partnership. The plaintiff’s wife intervened, joining the defendant in controverting the asserted liability of defendant. The judgment was for him an,d plaintiff appeals.
When the partnership was formed in 1878 the plaintiff’s wife was largely indebted, for part of which indebtedness the plantation was mortgaged. The defendant in purchasing part of the plantation agreed to pay as part of the price one-half of the wife’s indebtedness, the half being fixed at four thousand nine hundred and eight dollars. The partnership agreement proposed that all the revenues derived from the cultivation of the property should be applied to pay the wife’s indebtedness subsisting at the date the partnership was formed; that the defendant was to be bound for one-half of any amount left unpaid, and there were the usual stipulations for the equal division of partnership profits and debts. The plaintiff managed the property, attended to the cultivation, shipment of the crops, and received and applied the proceeds. The crops appear to have been meagre. The funds realized from their sale seem to have been applied in payment on the mortgage debt and expenses of the plantation, and at the close of the partnership in 1883 a large portion of the debts expected to be discharged from the crops remained unpaid. We have been unable to determine from the record the contention of plaintiff that he paid the debts of the partnership to the extent of *1206 becoming a creditor of the defendant for four thousand four hundred and thirty dollars, the amount for which judgment is claimed. The petition refers to the account annexed. We find an account of crops and payments, another headed Black’s notes, and a mass of testimony referring to disbursements for the partnership. From all these we can not ascertain how the plaintiff makes up the amount he claims nor how it is supported. The record furnishes no basis on which the pecuniary relations of the parties can be adjusted, and hence determining the legal questions, we will remand the case.
The law presumes the paraphernal property of the wife to be under the husband’s administration, and when thus administered the fruits belong to him. Civil Code, Arts. 2383, 2385, 2386.
The defendant denies that the husband so administered, and in this the wife, in her intervention, concurs with defendant. To support their contentions both rely on the fact that the plaintiff was paid for his services in managing the plantation, and it is claimed he was a mere laborer for the partnership. We think the argument of defendant on this point misconceives the fact as well as the legal relations arising out of the fact. The partnership agreement stipulated three hundred dollars per annum should be allowed for labor; that is, all the labor required. It was this three hundred dollars plaintiff was paid, or rather reserved for himself out of the partnership revenues and with which he defrayed all labor charges. The fact that he received this three hundred dollars per annum from the partnership, in which his wife was a partner, did not exclude him from administering the paraphernal interest of one-half in the partnership, or deprive him of the right jure maritia arising out of that administration. The defendant’s brief suggests the plaintiff was a laborer on the plantation before his wife acquired it, and that relation the defendant insists was not changed after the wife acquired, sold one-half the plantation to the defendant and formed the partnership. We think, on the contrary, when the wife acquired the property, and at a later period formed the partnership for its cultivation, the property first, and afterward the partnership interest in respect to it, fell by operation of law under the husband’s administration. The wife may retain the administration of the paraphernalia by appointing the husband her agent. Civil Code, Art. 2384. In this case, no such agency existed. The husband administered solely by virtue of the marital relations. The wife sued *1207 to resume the administration of her paraphernal estate, but not till 1888. It is our conclusion, therefore, the plaintiff became entitled to the share of his wife in the partnership revenues, and in the adjustment of defendant’s liability, if any, plaintiff is entitled to charge all payments of partnership debts made with, or from the wife’s share of the partnership funds. If over and above the funds derived from the partnership the husband made payments of the partnership debts during its existence or after its dissolution, he is entitled to recover one-half the amount so paid, with legal interest from the dates of such payments. If these payments should have been on account of the mortgage debt of the wife, that would not entitle the husband to any subrogation to the rights of the mortgage creditor, as there was no conventional or legal subrogation. The husband is not bound for the debt of the wife resting on her separate property, i. e. acquired by inheritance, as in this case, and hence if he paid her mortgage debt or that of the defendant, her partner, there would be no subrogation.
The plaintiff in this case is asserting, in respect to the paraphernal interest of the wife in the partnership, the right of one partner against his copartner. The same rule applies as in ordinary cases for the settlement of the partnership. It is well settled one partner can not sue the other for specific sums. The suit must be for the settlement of the partnership, which of course embraces an inquiry into the assets of the partnership; its liabilities, the profits, the credits in favor of each partner, and the charges against him. On all these elements the balance for or against the partner is ascertained, and judgment given accordingly. Story on Partnership, Secs. 217, 219 et seq; Gridley vs. Connor, 4 Rob. 445; 10 Martin, 433, passim.
It is only for the balance found due on the final settlement that the partner can sue. If either partner has paid mortgage debts which the partnership assumed, or if the share of the profits of either partner has been thus applied, there would be no subrogation in favor of either partner to the mortgage debts. The whole right of the partners are merged in the balance found due on the settlement.
The prescription of three years pleaded by defendant has no application to the demand of plaintiff. That prescription refers to accounts for goods sold, and merchants’ accounts against their principals, and generally to those business or other relations in which *1208 accounts are usually rendered. Civil Code, Art. 8588; Act of 1888, No. 7.
The prescription against the actions for moneys advanced or debts paid by one for another, or for the settlement of partnership, is ten, not three or five years. O. C., Art. 3544; 12 Rob. 148.
Reserving our opinion on the question of liability we will remand the case with instructions for the lower court by testimony or the report of experts to ascertain.
1. The amount of the payments, if any, by the plaintiff out of his own funds, i. e. not the funds of the partnership, of the debts of the partnership.
2. The amount of the debt of the partnership, if any, paid by defendant out of the funds of the partnership.
3. The amount of the partnership funds received by each partner.
4. The balance for or against each partner on the adjustment of the partnership affairs.
We assume that as to the amount of the crop proceeds and the mortgage debt of Bowland the record as it now stands affords full information, and it is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed; that the case be remanded as directed and for the purposes stated in this opinion, and that appellee pay costs.